NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0482n.06

No. 13-4244

FILED
*Jul 03, 2014*
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

DWAYNE LACEY,                                  )
                                               )
    Plaintiff-Appellee,                    )
                                               )
v.                                             )
                                               )
CITY OF WARREN,                                )      ON APPEAL FROM THE
                                               )      UNITED STATES DISTRICT
    Defendant,                             )      COURT FOR THE
                                               )      NORTHERN DISTRICT OF
and                                            )      OHIO
                                               )
JOHN YURICEK, Individually and in his official )
capacity as a Warren Police Officer,           )
                                               )
    Defendant-Appellant.                   )
                                               )

BEFORE:    SUHRHEINRICH, ROGERS, and SUTTON, Circuit Judges.

ROGERS, Circuit Judge.  Officer John Yuricek, a Warren police officer, brings this interlocutory appeal of the district court's denial of his motion for summary judgment on qualified immunity grounds.  The case arises out of the response by Yuricek and two other officers to a reported abduction.  When they arrived on the scene, they saw Dwayne Lacey with a handcuffed woman in his car.  Lacey claims that after a brief investigation, the police knew that Lacey was a bail bondsman legitimately detaining the woman, and that Yuricek nonetheless unreasonably continued to keep Lacey detained in handcuffs.  It is clearly established that an investigatory detention may not be unreasonably extended in duration beyond the purpose of the

stop. Therefore, on the facts as to which the district court found a genuine issue, the district court properly denied summary judgment based on qualified immunity.

This suit arises out of Yuricek's extended detention of Lacey, the only aspect of Lacey's multiple claims as to which the district court denied qualified immunity. The district court denied qualified immunity in that regard based on the following facts, as to which there was either no dispute or the district court determined Lacey had at least shown a genuine issue of material fact. Lacey is a licensed bail bondsman, who arrested Heather Bako for skipping bail. A neighbor called the police, and Yuricek, Jeffery Hoolihan, and Robert Massucci responded. When they arrived on the scene, they saw Lacey with Bako in his car. Lacey was ordered to leave the car, and an investigation ensued. Lacey was handcuffed, but within two or three minutes of the stop, Officer Hoolihan "confirmed that there was a 'capias' for Bako's arrest and . . . communicated that information to Yuricek and Massucci." *Lacey v. City of Warren*, No. 4:11CV02506, 2013 WL 5466680, at *9 (N.D. Ohio Sept. 30, 2013). Furthermore, Lacey "told the officers multiple times that he was a bail bondsman," Lacey's badge was visible on his belt, and Lacey "did not physically resist the officers or behave aggressively at any time." *Id.* Bako never accused Lacey of abducting her. The officers nonetheless kept Lacey handcuffed for an additional period of time in which every indication was that Lacey was a bail bondsman on the scene performing his duties. "The officers could have immediately obtained confirmation of [Lacey]'s identity by asking that he produce his bail bondsman identification; yet this was not done until the end. [Lacey]'s identity could also have been expeditiously established through Bako, who testified that she informed the officers of [Lacey]'s identity." *Id.* at 10.

On this interlocutory appeal, we must accept these facts. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 309 (6th Cir. 2005). It is true that we are not bound, even on this

interlocutory appeal, by facts relied upon by the district that are "blatantly contradicted" by record evidence, such as a video tape. *See Scott v. Harris*, 550 U.S. 372, 380 (2007). There is a tape in this case, however, it does not contradict the above account.

Based on these facts, Yuricek violated clearly established law. While an officer with a reasonable suspicion that criminal activity is afoot may detain a suspect to investigate his suspicions, such stops must be both "sufficiently limited in time" and involve "the least intrusive" investigatory means reasonably available. *Bennett v. City of Eastpointe*, 410 F.3d 810, 825 (6th Cir. 2005). At the time of Lacey's detention, it was clear that "an investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *Florida v. Royer*, 460 U.S. 491, 500 (1983). Yuricek should have been on notice that he could not extend the duration of the stop beyond "checking out the suspicious circumstances" that justified the original stop, i.e. investigating whether a felony abduction was occurring. *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 830–31 (6th Cir. 2007). Decisions like *United States v. Obasa*, 15 F.3d 603, 607 (6th Cir. 1994), and *United States v. Butler*, 223 F.3d 368, 374 (6th Cir. 2000), clearly establish that officers are required to let a suspect go after the officers' initial investigatory inquiries fail to reveal anything suspicious. Once it was clear Lacey was a bail bondsman and not an abductor, Yuricek should have let Lacey go.

There is one additional loose end—one only clearly presented at the appellate stage of this case and therefore unaddressed by the district court: What to do with Yuricek's suspicion that Lacey violated a criminal law *separate* from the felony abduction statute? In Ohio, bail bondsmen must notify local law enforcement before attempting to "apprehend[], detain[], or arrest[]" an individual. Ohio Rev. Code § 2927.27(A)(3). Failure to follow this command is a

misdemeanor in the first degree, punishable by up to six months in prison, a $1,000 fine, or both. *Id.* § 2929.21. Lacey made no such call to the Warren Police Department before apprehending Bako, but Yuricek only unambiguously asserted this rationale for Lacey's detention in his reply brief before this court. *See* App. Reply Br. at 17–18. We therefore will not opine on the argument, though Yuricek is of course free to rely on this rationale at trial.

For the foregoing reasons, the district court's denial of qualified immunity at the summary judgment stage is AFFIRMED.